UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

ANTONIO M. PORTELL,
and other similarly-situated individuals,

v.

TELEMUNDO NETWORK GROUP, LLC
d/b/a TELEMUNDO MEDIA
and CHRIS MOORE, individually

    Defendants,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ANTONIO M. PORTELL, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants TELEMUNDO NETWORK GROUP, LLC d/b/a TELEMUNDO MEDIA, and CHRIS MOORE, individually, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337, Title 29 U.S.C. § 201-219, and the Fair Labor Standards Act, "the Act" (Section 216 (b) for jurisdictional placement).

2. Plaintiff ANTONIO M. PORTELL is a resident of Dade County; Plaintiff is a covered employee for purposes of the Act.

3. Defendant TELEMUNDO NETWORK GROUP, LLC d/b/a TELEMUNDO MEDIA (hereinafter TELEMUNDO, or corporate Defendant) is a foreign for profit corporation, registered to do business in Florida. Defendant has its place of business in Dade County, within the jurisdiction of this Court. At all times material hereto, Defendant TELEMUNDO was and is engaged in interstate commerce.

4. The individual Defendant CHRIS MOORE was and is now Executive Art Director of TELEMUNDO. This individual was the manager and employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this Complaint took place in Dade County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

6. This cause of action is brought by Plaintiff ANTONIO M. PORTELL as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after January 2019, (the "material time") without being compensated.

7. Corporate Defendant TELEMUNDO is a Spanish-language television network.

8. Defendant TELEMUNDO employed Plaintiff ANTONIO M. PORTELL as a full-time, non-exempted, hourly employee from approximately January 2004 to November

10, 2021, or more than 17 years. For FLSA purposes, Plaintiff's relevant period of employment is 148 weeks. (from January 7, 2019, to November 10, 2021.)

9. Plaintiff performed as a Motion Graphic Designer. Plaintiff's wage rate was $46.84 an hour during the relevant period. Plaintiff's overtime rate should be $70.26 an hour.

10. Plaintiff worked under the supervision of Art Director Osvaldo Gonzalez and the management of Executive Art Director CHRIS MOORE. Plaintiff's primary duty was the production of storyboards and all kind of motion graphics to be used on television. Plaintiff applied his motion graphic designer skills to produce motion graphics following directions, instructions, and suggestions of Art Directors Osvaldo Gonzalez and CHRIS MOORE. Plaintiff did not use his true creativity, freedom, and discretion to complete his job assignment. He was continually subjected to corporate control.

11. During his relevant time of employment, Plaintiff had a regular schedule. Plaintiff worked at the office five days per week, From Monday to Friday, from 10:00 AM to 7:00 PM (9 hours daily). Plaintiff completed a minimum of 45 working hours at the office. Sometimes, Plaintiff stayed working late. Plaintiff was not able to take bonafide lunch hours.

12. Defendants did not allow Plaintiff to work overtime hours at the office. Defendants constantly reminded Plaintiff that there was no budget to pay for overtime hours. However, Defendants required Plaintiff to clock out and continue working. Plaintiff stayed for some time at the office, but in order to complete his job assignments on time, Plaintiff had to continue working and finish his work at home. As a result, Plaintiff worked at home a minimum of 10 hours every week.

13. Thus, during 2019, Plaintiff worked a total of 55 hours weekly.

14. After the Covid-19 pandemic began, on or about March 2020, Plaintiff was sent to work at home, remotely. While working at home, Plaintiff maintained the same office schedule, but his workload increased. As a result, Plaintiff was forced to work even more hours. Plaintiff began to work earlier in the morning and stopped working later. Plaintiff ended up working Saturdays and Sundays, or seven days per week, many overtime hours.

15. Plaintiff estimates that while in 2018 and 2019, Plaintiff worked an average of 55 hours weekly (45 hours at the office + 10 hours average at home), after the pandemic began in 2020, he worked an average of 85 hours weekly.

16. Working remotely at home, Plaintiff worked from Monday to Friday from 9:00 AM to 12:00 AM (15 hours each day x 5 days=75 hours), and on Saturdays and Sundays, Plaintiff worked a minimum of 5 hours each day (5hrs. x 2 days=10 hrs.). Thus, Plaintiff worked at home a total of 85 hours weekly.

17. During all his employment with Defendants, Plaintiff worked more than 40 hours every week, but he was paid for only 40 regular hours. Sometimes, Defendants paid Plaintiff for a couple of overtime hours, but the remaining overtime hours were not paid at any rate, not even at the minimum wage rate required by law.

18. Plaintiff clocked in and out through a computer application as instructed to do, and Defendants were in complete control of Plaintiff's schedule and duties. Further, Defendants knew about the extended hours that Plaintiff and other similarly situated individuals worked.

19. Therefore, Defendants willfully and intentionally failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty

(40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

20. Plaintiff was paid bi-weekly with checks and paystubs that did not reflect the actual number of days and hours worked.

21. Plaintiff complained to the management numerous times. Plaintiff complained about his excessive workload and his extended working hours. Plaintiff requested some help with his work, and he also complained about the lack of payment for overtime hours. The plaintiff was allegedly denied promotions, support, and overtime payment because he did not have enough merits and qualifications to be paid for overtime hours.

22. On or about November 02, 2021, Plaintiff talked to Executive Art Director CHRIS MOORE about unpaid overtime and other work-related issues. CHRIS MOORE advised Plaintiff not to take his complaints to HR. Otherwise, he would be fired.

23. On or about November 02, 2021, the same day after meeting with CHRIS MOORE, Plaintiff sent a written complaint to NBCU (NBC Universal) Ethics Point website.

24. On or about November 10, 2021, after Plaintiff's written complaint, Defendants fired Plaintiff alleging pretextual reasons.

25. Therefore, Defendants failed to pay Plaintiff for overtime hours, and after he complained, Defendants retaliated against Plaintiff by firing him, in violation of FLSA regulations.

26. Plaintiff ANTONIO M. PORTELL seeks to recover overtime wages for every hour in excess of 40 that he worked, retaliatory damages, liquidated damages, and any other relief as allowable by law.

27. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a) (1) FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

28. Plaintiff ANTONIO M. PORTELL re-adopts every factual allegation stated in paragraphs 1-27 above as if set out in full herein.

29. This action is brought by Plaintiff and those similarly-situated to recover from the Employers TELEMUNDO unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

30. At all times pertinent to this Complaint, Defendant was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Defendant TELEMUNDO is a television network. Defendant had more than two employees regularly engaged in interstate commerce. At all times, the Employer/Defendant operates as an organization which sells and/or markets its services to customers from

throughout the United States. At all times, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses the instrumentalities and channels of interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

31. Plaintiff was employed by an enterprise engaged in interstate commerce, and Plaintiff's work likewise affected interstate commerce Plaintiff was a motion graphic designer material regularly engaged in the production of marketing material promoting interstate commerce. Therefore, there is individual coverage.

32. Defendant TELEMUNDO employed Plaintiff ANTONIO M. PORTELL as a full-time, non-exempted, hourly employee from approximately January 2004 to November 10, 2021, or more than 17 years. For FLSA purposes, Plaintiff's relevant period of employment is 148 weeks. (from January 7, 2019, to November 10, 2021.)

33. Plaintiff performed as a Motion Graphic Designer. Plaintiff's wage rate was $46.84 an hour during the relevant period. Plaintiff's overtime rate should be $70.26 an hour.

34. Plaintiff worked under the supervision of Art Director Osvaldo Gonzalez and the management of Executive Art Director CHRIS MOORE. Plaintiff's primary duty was the production of storyboards and all kind of motion graphics to be used on television. Plaintiff applied his motion graphic designer skills to produce motion graphics following directions, instructions, and suggestions of Art Directors Osvaldo Gonzalez and CHRIS MOORE. Plaintiff did not apply his true creativity, freedom, and discretion to complete his job assignments. He was always subjected to corporate control.

35. During his relevant time of employment, Plaintiff had a regular schedule. Plaintiff worked at the office five days per week, a total of 45 hours. Sometimes, Plaintiff stayed working late. Plaintiff was not able to take bonafide lunch hours.

36. Defendants did not allow Plaintiff to work overtime hours at the office. However, Defendants required Plaintiff to clock out and continue working. Plaintiff stayed for some time working overtime hours at the office, but in order to complete his job assignments on time, Plaintiff had to continue working and finish his work at home. Plaintiff worked at home a minimum of 10 hours weekly.

37. Thus, from January 07, 2019, to approximately March 31, 2020 (64 weeks), Plaintiff worked a total of 55 hours weekly.

38. After the Covid-19 pandemic began on or about March 2020, Plaintiff was sent to work at home remotely. However, while working at home, Plaintiff's workload increased, and he ended up working 7 days per week, a total of 85 hours weekly.

39. Thus, from approximately April 2020 to his last day of employment, November 10, 2021 (84 weeks), Plaintiff worked a total of 85 hours weekly.

40. During all his time of employment with Defendants, Plaintiff worked more than 40 hours per week. Nevertheless, he was paid for only 40 regular hours, and sometimes he was paid for a couple of overtime hours. However, the remaining overtime hours were not paid at any rate, not even at the minimum wage rate required by law.

41. Plaintiff clocked in and out through a computer application as instructed to do, and Defendants were in complete control of Plaintiff's schedule and duties. They knew about the extended hours that Plaintiff and other similarly situated individuals were working.

42. Therefore, Defendants willfully and intentionally failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

43. Plaintiff was paid bi-weekly with checks and paystubs that did not reflect the actual number of days and hours worked.

44. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly-situated employees and the compensation actually paid to such employees, should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class. Accordingly, Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

45. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate. Plaintiff will deduct overtime hours paid, after proper discovery.

a. <u>Total amount of alleged unpaid overtime wages</u>:

Three Hundred Thirty-Three Thousand Thirty-Two Dollars and 40/100 ($333,032.40)

b. <u>Calculation of such wages</u>:

> Total period of employment: more than 17 years
> Total relevant period of employment: 148 weeks
> Regular rate: $46.84 an hour x 1.5=$70.26
> O/T rate: $70.26

    i.    **Overtime from January 07, 2019 to March 31, 2020 (64 weeks)**

        Total relevant weeks: 64 weeks
        Total number of hours worked: 55 hours weekly
        Total number of unpaid overtime hours: 15 O/T hours
        O/T rate: $70.26 an hour

        O/T rate $70.26 x 15 O/T hours=$1,053.90 weekly x 64 weeks=$67,449.60

    ii.    **Overtime from April 01, 2020 to November 10, 2021 (84 weeks)**

        Total relevant weeks: 84 weeks
        Total number of hours worked: 85 hours weekly
        Total number of unpaid overtime hours: 45 O/T hours
        O/T rate: $70.26 an hour

        O/T rate $70.26 x 45 O/T hours=$3,161.70 weekly x 84 weeks=$265,582.80

    Total i, and ii : $333,032.40

c. <u>Nature of wages (e.g., overtime or straight time):</u>

    This amount represents unpaid overtime hours.

46. At all times material hereto, the Employer/Defendant TELEMUNDO failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by the Defendants to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

47. Defendant TELEMUNDO showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly-situated are entitled to recover double damages.

48. At times mentioned, individual Defendant CHRIS MOORE was the Executive Art Director of TELEMUNDO'S department where Plaintiff worked. Defendant CHRIS MOORE was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of TELEMUNDO in relation to their employees, including Plaintiff and others similarly situated. Defendant CHRIS MOORE had operational control of the department determined terms and working conditions of Plaintiff and other similarly situated employees. He is jointly and severally liable for Plaintiff's damages.

49. Defendants TELEMUNDO and CHRIS MOORE willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

50. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff ANTONIO M. PORTELL and those similarly-situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff ANTONIO M. PORTELL and other similarly-situated and against the Defendants TELEMUNDO and CHRIS MOORE based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ANTONIO M. PORTELL and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

51.

52. Plaintiff ANTONIO M. PORTELL re-adopts every factual allegation stated in paragraphs 1-27 of this Complaint as if set out in full herein.

53. At all times pertinent to this Complaint, Defendant was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Defendant TELEMUNDO is a television network. Defendant had more than two employees regularly engaged in interstate commerce. At all times, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. At all times, The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses the instrumentalities and channels of interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

54. Plaintiff was employed by an enterprise engaged in interstate commerce, and the Plaintiff's work likewise affected interstate commerce Plaintiff was a motion graphic designer material regularly engaged in the production of marketing material promoting interstate commerce. Therefore, there is individual coverage.

55. Defendant's business activities involve those to which the Fair Labor Standards Act applies.

56. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

57. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

58. Defendant TELEMUNDO employed Plaintiff ANTONIO M. PORTELL as a full-time, non-exempted, hourly employee, from approximately January 2004 to November 10, 2021, or more than 17 years. For FLSA purposes, Plaintiff's relevant period of employment is 148 weeks. (from January 7, 2019, to November 10, 2021.)

59. Plaintiff performed as a Motion Graphic Designer. Plaintiff's wage rate was $46.84 an hour during the relevant period. Plaintiff's overtime rate should be $70.26 an hour.

60. During his relevant time of employment, Plaintiff had a regular schedule. Plaintiff worked at the office five days per week, 45 hours. Sometimes, Plaintiff stayed working late. Plaintiff was not able to take bonafide lunch hours.

61. Defendants did not allow Plaintiff to work overtime hours at the office. However, Defendants required Plaintiff to clock out and continue working. Plaintiff stayed for some time working overtime hours at the office, but in order to complete his job assignments on time, Plaintiff had to continue working and finish his work at home. Plaintiff worked at home a minimum of 10 hours weekly.

62. Thus, from January 07, 2019, to approximately March 31, 2020 (64 weeks), Plaintiff worked a total of 55 hours weekly.

63. After the Covid-19 pandemic began on or about March 2020, Plaintiff was sent to work at home remotely. However, while working at home, Plaintiff's workload increased and he ended up working 7 days per week, a total of 85 hours weekly.

64. Thus, from approximately April 2020, to his last day of employment, November 10, 2021 (84 weeks), Plaintiff worked a total of 85 hours weekly.

65. During all his time of employment with Defendants, Plaintiff worked more than 40 hours per week. He was paid for only 40 regular hours, and sometimes he was paid for a couple of overtime hours. However, the remaining overtime hours were not paid at any rate, not even at the minimum wage rate required by law.

66. Plaintiff clocked in and out through a computer application as instructed to do, and Defendants were in complete control of Plaintiff's schedule and duties. They knew about the extended hours that Plaintiff and other similarly situated individuals were working.

67. Therefore, Defendants willfully and intentionally failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

68. Plaintiff was paid bi-weekly with checks and paystubs that did not reflect the actual number of days and hours worked.

69. Plaintiff was not in agreement with the number of overtime hours paid to him, and he complained numerous times to the management.

70. Plaintiff complained about his excessive workload and his extended working hours. Plaintiff requested some help with his work, and he also complained about the lack of payment for overtime hours.

71. These complaints constituted protected activity under the Fair Labor Standards Act.

72. The plaintiff was allegedly denied promotions, support, and overtime payment because he did not have enough merits and qualifications to be paid for overtime hours.

73. On or about November 02, 2021, Plaintiff complained to Executive Art Director CHRIS MOORE about unpaid overtime and other work-related issues. CHRIS MOORE advised Plaintiff not to take his complaints to HR. Otherwise, he would be fired.

74. This complaint constituted protected activity under the Fair Labor Standards Act.

75. On or about November 02, 2021, the same day after he met CHRIS MOORE, Plaintiff sent a written complaint to NBCU (NBC Universal) Ethics Point website. Plaintiff complained about his working conditions and about working uncompensated overtime hours. Plaintiff also expressed his fears about retaliation.

76. On or about November 10, 2021, after Plaintiff's written complaint, Defendant CHRIS MOORE fulfilled his threat to fire Plaintiff if he complained to HR and unfairly fired Plaintiff, alleging pretextual reasons.

77. At all times during his employment with Defendants, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

78. There is close proximity between Plaintiff's last protected activity and his termination.

79. At times mentioned, individual Defendant CHRIS MOORE was the Executive Art Director of TELEMUNDO'S department where Plaintiff worked. Defendant CHRIS MOORE was the Employer of Plaintiff and other similarly situated individuals, within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. §203 (d)]. In that, this individual Defendantacted directly in the interest of TELEMUNDO in relation with his employees, including Plaintiff and others similarly situated. Defendant CHRIS MOORE had operational control of the department, determining terms and working conditions of Plaintiff, and he is jointly and severally liable for Plaintiff's damages.

80. Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

81. Plaintiff ANTONIO M. PORTELL seeks to recover overtime wages for every hour in excess of 40 that he worked, liquidated damages, retaliatory damages, and any other relief as allowable by law.

82. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ANTONIO M. PORTELL respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants TELEMUNDO and CHRIS MOORE that Plaintiff recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants TELEMUNDO and CHRIS MOORE to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff ANTONIO M. PORTELL demands trial by jury of all issues triable as of right by jury.

Dated:  March 7, 2022

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031

        9100 S. Dadeland Blvd.
        Suite 1500
        Miami, FL 33156
        Telephone: (305) 446-1500
        Facsimile:  (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*